IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Princess Wilson,                          )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )        Civil Action No. 0:16-3299-BHH
                                          )
Nancy A. Berryhill, Acting                )
Commissioner of Social Security           )        **ORDER**
Administration,                           )
                                          )
                    Defendant.            )
_____)

     This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of

the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied

Plaintiff Princess Wilson's ("Plaintiff") claim for disability insurance benefits ("DIB"). The

record includes the report and recommendation ("Report") of United States Magistrate

Judge Paige J. Gossett, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and

Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

     In her Report, the Magistrate Judge recommends that the Court affirm the

Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and

the Commissioner filed a response to those objections. *See* 28 U.S.C. § 636(b)(1)

(providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days

after being served a copy). For the reasons stated below, the Court adopts the Magistrate

Judge's Report and affirms the Commissioner's final decision denying benefits.

## BACKGROUND

     Plaintiff applied for DIB in August of 2013, alleging disability due to spurs in both

feet and high blood pressure, beginning on July 29, 2013. Her applications were denied

initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ").  A hearing was held on March 31, 2016, at which Plaintiff, who was represented by counsel, appeared and testified.  At the hearing, Plaintiff amended her alleged onset date to March 11, 2014.  The ALJ issued a decision on May 16, 2016, concluding that Plaintiff was not disabled from her alleged onset date through the date of the decision.

Plaintiff was born in 1955 and was 58 years old at the time of her amended alleged onset date.  She has a high school education and past relevant work experience as a dietary aide in a nursing home, a packer in a textile factory, and a grader at a chicken processing plant.

## STANDARDS OF REVIEW

### I.  The Magistrate Judge's Report

The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report.  28 U.S.C. § 636(b)(1).  Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection.  *Id.*

### II.  Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final

decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I.     The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is

> sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since March 11, 2014, her amended alleged onset date. Next, the ALJ determined that Plaintiff's plantar fasciitis was a severe impairment. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform medium work as defined in 20 C.F.R. § 404.1567(c). The ALJ found that Plaintiff was able to perform her past relevant work as a packer and a dietary aide, and that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. Therefore, the ALJ found that Plaintiff was not disabled from the alleged

onset date through the date of the decision.

The Appeals Council denied Plaintiff's request for review on August 24, 2016, making the decision of the ALJ the final decision of the Commissioner. Plaintiff filed this action on October 4, 2016, seeking judicial review.

## II.    The Court's Review[1]

In her brief, Plaintiff first asserts that the ALJ did not explain his RFC findings in accordance with Social Security Ruling 96-8p. (ECF No. 18 at 9.) Specifically, Plaintiff contends that the ALJ did not consider Plaintiff's obesity and also failed to explain how he accounted for Plaintiff's severe impairment of plantar fasciitis when finding that Plaintiff could stand and walk six hours in an eight-hour workday. (*Id.* at 10-14.) Next, Plaintiff contends that the ALJ failed to perform an analysis of her ability to perform her past relevant work in accordance with Social Security Ruling 82-62, 20 C.F.R. § 404.1520, and Fourth Circuit precedent. (*Id.* at 14.) According to Plaintiff, the evidence indicates that she could not perform her past relevant work, and the ALJ should have proceeded to step five of the sequential evaluation process. In addition, Plaintiff contends that the ALJ failed to properly assess medical opinion evidence of Plaintiff's treating physicians. (*Id.* at 16-23.) Lastly, Plaintiff asserts that the ALJ erred in evaluating Plaintiff's credibility. (*Id.* at 23-26.)

In her responsive brief, the Commissioner asserts that the ALJ's RFC finding complies with Social Security Ruling 96-8p and that it is supported by substantial evidence. (ECF No. 20 at 7-9.) Next, the Commissioner points out that Plaintiff never alleged obesity

---

[1] As the Magistrate Judge noted in footnote 3 of her Report, numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017. However, these changes specifically state that they apply to claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed in 2013, all references are to the prior versions of the regulations in effect when Plaintiff filed her application for benefits, unless otherwise specified.

as an impairment; even so, the Commissioner contends that the ALJ addressed her obesity and determined that it was a non-severe impairment in the absence of evidence indicating that it caused any functional limitations. (*Id.* at 9-10.) The Commissioner contends that the ALJ correctly considered the entirety of the record when determining that Plaintiff could perform medium work. (*Id.* at 11-13.) In addition, the Commissioner contends that substantial evidence supports the ALJ's finding at step four that Plaintiff can perform her past relevant work as a packer and a dietary aide. (*Id.* at 13-16.) Finally, the Commissioner asserts that substantial evidence supports the ALJ's treatment of the medical evidence and his evaluation of Plaintiff's credibility. (*Id.* at 17-24.)

In her Report, the Magistrate Judge considered the issues raised by Plaintiff and rejected all of Plaintiff's arguments, first finding no error in the ALJ's determination of Plaintiff's RFC. (ECF No. 23 at 5-7.) Next, the Magistrate Judge determined that even though the ALJ provided only a cursory explanation of the physical and mental demands of Plaintiff's past relevant work, any error is harmless because the only evidence of record indicates that the physical and mental demands of Plaintiff's past relevant work are equivalent to those the DOT lists for a dietary aide, which is listed as medium work. (*Id.* at 7-8.) The Magistrate Judge also rejected Plaintiff's claim with respect to the ALJ's assessment of the medical opinion evidence, finding no error. (*Id.* at 8-12.) Finally, the Magistrate Judge flatly rejected Plaintiff's claim that the ALJ erred in evaluating Plaintiff's credibility. (*Id.* at 13-18.)

Plaintiff filed written objections to the Magistrate Judge' Report. For the most part, however, Plaintiff simply rehashes certain arguments raised in her brief and rejected by the

Magistrate Judge. For example, as a first objection, Plaintiff again asserts that the ALJ failed to explain how he accounted for Plaintiff's severe impairment of plantar fasciitis when finding Plaintiff could stand and walk six hours in an eight-hour workday. (ECF No. 24 at 2.) Next, Plaintiff objects to the Magistrate Judge's determination that the ALJ properly evaluated the opinion of Plaintiff's treating physician. Specifically, Plaintiff asserts that even if the ALJ did not wish to give the opinion of Plaintiff's treating podiatrist controlling weight, the ALJ's decision lacks a clear explanation of how the ALJ rejected the podiatrist's opinion regarding Plaintiff's limitations on standing and walking. (*Id.* at 3.) Lastly, Plaintiff asserts that the Magistrate Judge's finding that substantial evidence supports the ALJ's credibility determination is flawed because the evidence does not indicate a pattern of non-compliance. (*Id.* at 3.)

Here, after review, the Court finds Plaintiff's objections without merit. As an initial matter, the Court agrees with the Commissioner that Plaintiff's objections are not specific and merely restate arguments presented to and rejected by the Magistrate Judge. Despite this shortcoming, the Court will address each of Plaintiff's objections in turn.

### A. The ALJ's RFC Finding

As the Magistrate Judge noted in her Report, an individual's RFC is an assessment of her "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." S.S.R. 96-8p at *1. An ALJ assesses a claimant's RFC "based on all the relevant medical and other evidence." 20 C.F.R. § 404.1520(a)(4).

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work

> setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a
> week, or an equivalent work schedule), and describe the maximum amount
> of each work-related activity the individual can perform based on the
> evidence available in the case record. The adjudicator must also explain
> how any material inconsistencies or ambiguities in the evidence in the case
> record were considered and resolved.

S.S.R. 96-8p. Thus, an ALJ can give weight to some medical evidence, while disregarding other medical evidence, when determining a claimant's RFC. *See Bacnik v. Colvin*, No. 1:12-cv-801, 2014 WL 3547387, at *4 n. 7 (M.D.N.C. July 17, 2014). However, "'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). In other words, the ALJ must "'build an accurate and logical bridge from the evidence to his conclusion.'" *Id.* (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

In her objections, Plaintiff asserts that her argument is not that the ALJ improperly discussed the evidence; rather, her argument is that the ALJ's determination that Plaintiff's plantar fasciitis is a severe impairment conflicts with his determination that Plaintiff could perform medium work with no limitations on standing and walking.

The Court finds Plaintiff's objection unavailing for several reasons. First, as the Magistrate Judge noted, Plaintiff's argument asks for the Court to reweigh the evidence presented, which is contrary to this Court's standard of review. Moreover, as the Magistrate Judge also noted, a finding at step two that an impairment is severe does not necessarily indicate or require functional limitations at step four. Here, the Court finds that

the ALJ built an accurate and logical bridge from the evidence to his conclusion that Plaintiff could perform the full range of medium work.  The ALJ outlined the medical facts and the nonmedical evidence of record and determined that although Plaintiff's plantar fasciitis was severe, it did not limit her ability to less than the full range of medium work in light of Plaintiff's "extensive activities of daily living, lack of medical evidence, and inconsistencies in the record."  (Tr. 21.)  For example, the ALJ noted, among other things, that Plaintiff filed for disability due to her plantar fasciitis after a single visit to the podiatrist while she was still working; that Dr. Jacobus treated Plaintiff with a heel injection in July of 2013 and recommended supportive shoes and Plaintiff did not seek further treatment until February of 2014; that Plaintiff followed up with visits in March and May of 2014 and received injections; that there are no treatment notes after July of 2014 until March of 2015, when Plaintiff reestablished care with Dr. Jacobus; that Plaintiff received injections and heel wedge implants in March and April of 2015; that Plaintiff was not taking her medication or following any diet or exercising according to various treatment notes; that Plaintiff did not receive treatment between May and September of 2015; and that the only treatment note in the record after September is a primary care note from January of 2016 where Plaintiff made no mention of current heel pain.  As the ALJ concluded:

> Treatment notes fail to indicate the level of dysfunction alleged by the claimant.  A review of the medical evidence of record fails to indicate physical findings consistent with the claimant's allegations.  The record documents that the claimant's plantar fasciitis is an intermittently chronic problem that has responded to conservative treatment, and that the claimant has not followed through with all of the recommended treatment options.

(Tr. 20.)

The Court finds that the Commissioner's decision as a whole reflects how he

considered and weighed the evidence of record in determining Plaintiff's RFC, and the Court therefore agrees with the Magistrate Judge that Plaintiff has failed to show that the Commissioner's RFC determination is not supported by substantial evidence. *Mastro,* 270 F.3d at 176 (noting that a reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency in assessing whether substantial evidence supports a decision); *Colvard v. Chater*, 59 F.3d 165, *2 (4th Cir. 1995) ("The determination of a claimant's residual functioning capacity lies with the ALJ, not a physician, and is based upon all relevant evidence.") (citing 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946).

## B.    The ALJ's Evaluation of Medical Opinion Evidence

The Commissioner must evaluate all medical opinions and determine the weight to be accorded to each opinion based on the relationship between the physician and the claimant. *See* 20 C.F.R. §§ 404.1527 and 416.927 (2010). Under the regulations in effect at the time relevant to this action, the so-called "treating physician rule" directed the Commissioner to give a treating physician's opinion controlling weight if it is well-supported by medically acceptable clinical evidence and not inconsistent with other substantial evidence of record. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2); *Mastro*, 270 F.3d at 178. However, "if a treating physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Charter*, 76 F.3d 585, 590 (4th Cir. 1996). If the Commissioner decides to give less than controlling weight to the opinion of a treating physician, the Commissioner still must weigh the opinions of the treating physician in light of a broad range of specifically

identified factors, including the examining relationship, the nature and extent of the treatment relationship, the supportability of the opinions in the medical record, their consistency, and whether the treating physician is a specialist. 20 C.F.R. § 404.1527(c)(1)-(5).

Here, somewhat related to her prior objection, Plaintiff asserts that the ALJ failed to explain why he discounted Dr. Jacobus's opinion that Plaintiff's plantar fasciitis would limit Plaintiff to the amount of standing and walking required for sedentary work. Plaintiff states: "While the ALJ may have properly explained why he did not give controlling weight to the entire opinion, it is not clear why he did not limit Wilson's ability to stand and walk in some fashion." (ECF No. 24 at 3.)

Contrary to Plaintiff's assertion, the Court agrees with the Magistrate Judge that the ALJ's decision reflects careful consideration of Dr. Jacobus's treatment of Plaintiff. In fact, the ALJ specifically indicated that he gave little weight to Dr. Jacobus's opinion as to Plaintiff's limitation because it was not consistent with his treatment notes and was inconsistent with the fact that the claimant had not returned to Dr. Jacobus for treatment in over four months. (Tr. 20.) As the Magistrate Judge remarked:

> The ALJ specifically observed that Dr. Jacobus provided treatment for Wilson for two months in 2013 and that Wilson re-established care with Dr. Jacobus from March 2015 through September 2015. The ALJ summarized this treatment and Dr. Jacobus's findings in detail, as well as the medical findings and treatment notes from other providers during the applicable time period. The ALJ observed that Wilson's treatment consisted of heel injections, wedge inserts, a steroid pack, and a recommendation for orthotics, and that Dr. Jacobus's notes indicated some pain and tenderness in the heels, but good range of motion, full strength, no effusions or masses, normal muscle symmetry, normal sensation, and no crepitation. Additionally, in April 2015, Wilson's primary care provider noted Wilson had a normal gait and movement. (See Tr. 18-20.)

(ECF No. 23 at 11.)  Here, the Court finds that the ALJ applied the relevant factors in evaluating Dr. Jacobus's opinion evidence and properly explained his decision to accord less weight to his opinion in light of conflicting evidence in the record.

### C.    The ALJ's Evaluation of Plaintiff's Credibility

An ALJ must consider the extent to which a claimant's self-reported symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  Pursuant to Social Security Ruling 96-7p,[2] if an ALJ finds a claimant to be less than fully credible, the ALJ must cite specific reasons based on the evidence.  This Ruling provides:

> It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible."  It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.  The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.  This documentation is necessary in order to give the individual a full and fair review of his claim, and in order to ensure a well-reasoned determination or decision.

SSR 96-7p.  In evaluating a claimant's subjective complaints of pain, the Social Security Regulations direct the Commissioner to consider the following factors:

> (i) Your daily activities;
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

---

[2] Effective March 28, 2016, S.S.R. 96-7p was superceded by S.S.R. 16-3p; however, this application was adjudicated prior to the effective date of S.S.R. 16-3p, so the Court analyzes Plaintiff's allegations under S.S.R. 96-7p.

(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

Here, Plaintiff argues that the Magistrate Judge failed to show that the evidence supports the ALJ's finding that Plaintiff was noncompliant with regard to her severe impairment. The Court finds Plaintiff's argument without merit, as the Magistrate Judge thoroughly outlined the ALJ's findings as to Plaintiff's credibility, including the following portion of the ALJ's decision:

I acknowledge the claimant's bilateral plantar fasciitis is severe, but the evidence as a whole suggests her foot pain is not completely disabling. The claimant's treatment history for her foot pain has been conservative; and the record indicates noncompliance with recommended orthotic footwear. Although the claimant testified that she did not follow through with her custom orthotics because of financial problems, she testified that she had health insurance until February 2016, and she was originally measured for orthotics in May 2015. Additionally, the medical evidence documents significant noncompliance on the part of the claimant with recommended primary care treatment, establishing a pattern of non-compliance consistent with the claimant's decision not to follow through with the orthotics. The record fails to establish that the claimant's condition would not be significantly improved with orthotics, or that her impairment is untreatable with physical therapy or surgery. If the claimant's pain was as severe and disabling as alleged, the record would be expected to contain more consistent and significant treatment.

(ECF No. 23 at 16 (quoting Tr. 17).) The record clearly contains evidence of Plaintiff's noncompliance, and the Court finds that the ALJ properly outlined his findings in that regard. In addition, as the Commissioner points out in response to Plaintiff's objections, in assessing Plaintiff's credibility, the ALJ also noted that Plaintiff filed for disability

following a single visit to a podiatrist, but she continued to work for almost eight more months.  Moreover, the ALJ determined that Plaintiff's subjective complaints were not consistent with her activities of daily living, including, working, going to church, cooking, ironing, washing laundry, shopping, and spending time with her sister.  (Tr. 20 and 30.) Ultimately, as previously explained, it is not the Court's job to re-weigh conflicting evidence or make credibility determinations.  After a review of the record, the Court agrees with the Magistrate Judge that Plaintiff has failed to demonstrate that the ALJ's evaluation of Plaintiff's credibility is not supported by substantial evidence.

## CONCLUSION

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law when she determined that Plaintiff failed to show that the Commissioner's decision was not supported by substantial evidence or that it was reached through application of an incorrect legal standard.  Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 23) is adopted and incorporated herein; Plaintiff's objections (ECF No. 24) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 6, 2018
Charleston, South Carolina